UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP,<br><br>   Plaintiff,<br><br>   v.<br><br>LEXISNEXIS SOLUTIONS, et al.,<br><br>   Defendants. | Case No. 24-cv-00833-JD<br><br>**ORDER RE LEXISNEXIS' MOTION TO DISMISS** |

Pro se plaintiff Ronald Cupp sued, among others, defendants LexisNexis Solutions, LexisNexis Risk Data Management, Inc., and LexisNexis Risk Data Management, LLC (collectively, LexisNexis) for allegedly reporting inaccurate credit information about him, in violation of the Fair Credit Reporting Act (FCRA), Pub. L. No. 91-508, 84 Stat. 1114 (codified as amended at 15 U.S.C. §§ 1681 *et seq.*), and the California Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code §§ 1785 *et seq. See generally* Dkt. No. 1. LexisNexis asks to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The complaint is dismissed with leave to amend.

**BACKGROUND**

As alleged in the complaint, LexisNexis is a "furnisher" that "prepared and issued credit reports concerning plaintiff which include inaccurate information" to several of the other defendants in the case, who are said to be credit-reporting agencies. Dkt. No. 1 ¶¶ 12-13, 17, 18. LexisNexis is also alleged to be a "consumer reporting agency." *Id.* ¶ 18. Cupp says that LexisNexis collects information about lawsuits "from the dockets of various courthouses around the country" and that "[b]ankruptcies are obtained electronically from the federal court's PACER system." *Id.* ¶¶ 44-45.

The complaint alleges that, in January 2023, Cupp "disputed the Bankruptcy" to LexisNexis. *Id.* ¶ 21. In January 2023, Trans Union, LLC (Trans Union), another defendant in this suit, told plaintiff that it received "information about [his] bankruptcy" from LexisNexis. *Id.* ¶ 23. LexisNexis got back to Cupp in a few days and stated that it was "unable to authenticate and cannot provide details of the reinvestigation." *Id.* ¶ 27. Several months passed before Cupp filed a dispute with various credit-reporting agencies, who are defendants in this case, presumably in connection with the bankruptcy issue. *Id.* ¶ 29. Cupp alleges that, in June 2023, he was denied a $200,000 loan based on "inaccurate information" from those credit-reporting agencies whom Cupp says "received [that] inaccurate information" from LexisNexis. *Id.* ¶ 30.

On February 12, 2024, Cupp filed suit against LexisNexis and others. He asserted claims under the FCRA, the CCRAA, and for intentional infliction of emotional distress under California state law. Dkt. No. 1 ¶¶ 76-111. In connection with those claims, he seeks statutory, actual, and punitive damages. *Id.* at ¶¶ 78, 99, 106, 111. LexisNexis moved to dismiss the complaint under Rule 12(b)(6), Dkt. No. 30, and the Court took the motion under submission without oral argument, *see* Dkt. Nos. 43, 49.

**LEGAL STANDARDS**

"Under well-established standards, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,' including 'enough facts to state a claim to relief that is plausible on its face." *In re Stitch Fix, Inc. Sec. Litig.*, No. 18-cv-06208-JD, 2021 WL 4482110, at *1 (N.D. Cal. Sept. 30, 2021) (quotations omitted). A claim is plausible where the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Cupp is proceeding pro se, the complaint is read generously and with a forgiving eye. *See Red v. Heck*, No. 20-cv-02853-JD, 2020 WL 6562305, at *1 (N.D. Cal. Nov. 9, 2020) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

**DISCUSSION**

**I.     FCRA CLAIMS**

Cupp asserts claims under sections 1681b, 1681e, and 1681s-2 of the FCRA based on LexisNexis's (1) furnishing of allegedly "inaccurate information" about Cupp's bankruptcy proceedings to other consumer-reporting agencies; (2) alleged furnishing a consumer report in contravention of certain procedural requirements, and (3) alleged failure to take certain actions upon being apprised of his disputes with the accuracy of that information. Dkt. No. 1 ¶¶ 12-13, 17, 21-31, 44-52, 58, 64-67, 77, 82-95. LexisNexis says that the complaint fails to state any plausible claims under the FCRA because a plaintiff must allege that the information provided by a furnisher contained an actual inaccuracy and there is no plausible allegation on that score in Cupp's complaint. Dkt. No. 30 at 4-7. It also says that Cupp does not plausibly allege that it furnished a consumer report about him. *Id.* at 7-8.

The points are well taken. Both sections 1681e and 1681s-2 require accuracy in the information provided by furnishers and contained in consumer reports. 15 U.S.C. §§ 1681e(b), 1681s-2(a). This is because the purpose of the FCRA is "to protect consumers from the transmission of *inaccurate* information about them." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) (emphasis added) (quoting *Kates v. Crocker Nat'l Bank*, 776 F.2d 1396, 1397 (9th Cir. 1985)). Consequently, courts have required plaintiffs to make a prima-facie showing of inaccuracy to sustain claims under either section. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (discussing cases); *see also Robbins v. CitiMortgage, Inc.*, No. 16-cv-04732-LHK, 2017 WL 6513662, at *6 (N.D. Cal. Dec. 20, 2017). Even when read with the liberality afforded to pro se litigants, no plausible allegation of such an inaccuracy can be found in the complaint.

The complaint states several times that the consumer reports or information furnished by LexisNexis contained "inaccurate information" about Cupp's bankruptcy proceedings. Dkt. No. 1 ¶¶ 17, 19, 30. There are, however, no factual allegations that might shed light on what in that information was inaccurate or false, and the Court need not credit speculation or conclusory allegations of falsity. *See Chatman v. Chase Bank*, No. 18-cv-04560-JD, 2018 WL 3861660, at *1

3

1  (N.D. Cal. Aug. 14, 2018). To the extent Cupp suggests that the mere fact of a bankruptcy
2  proceeding was itself inaccurate, *see* Dkt. No. 7-8, the complaint alleges nothing of the sort.
3  Further, in support of the motion to dismiss, LexisNexis included copies of documents associated
4  with a bankruptcy proceeding initiated by "Ronald Vernon Cupp," *see* Dkt. No. 31, of which the
5  Court takes judicial notice, *see* Fed. R. Ev. 201(b)(2); *Khoja v. Orexigen Therapeutics, Inc.*, 899
6  F.3d 988, 998-99 (9th Cir. 2018). Although taking notice of disputed issues in those documents
7  would be improper, the fact of the bankruptcy proceedings is certainly subject to notice. It bears
8  mention that, although Cupp "disputed the Bankruptcy" to LexisNexis and others, Dkt. No. 1 ¶ 19-
9  21, on barebone allegations like those here, "a furnisher does not report 'incomplete or inaccurate'
10 information . . . simply by failing to report a meritless dispute," *Gorman*, 584 F.3d at 1164.

11 Section 1681b, among other things, sets forth the circumstances under which a "consumer
12 reporting agency may furnish a *consumer report*." 15 U.S.C. § 1681b(a) (emphasis added). A
13 "consumer report" is defined as any "communication of any information by a consumer reporting
14 agency bearing on a consumer's credit worthiness . . . which is used or expected to be used or
15 collected in whole or in part for the purpose of serving as a factor in establishing the consumer's
16 eligibility" for, *inter alia*, employment or credit purposes. 15 U.S.C. § 1681a(d)(1).

17 The complaint does not plausibly allege that LexisNexis furnished a consumer report and
18 so does not plausibly state a claim for relief under § 1681b. Cupp does say that LexisNexis is both
19 a "furnisher" and a "consumer reporting agency" and that it "prepared and issued credit reports
20 concerning" him. Dkt. No. 1 ¶¶ 17-18. As discussed, the Court does not credit conclusory
21 statements in testing the sufficiency of the complaint, *see Chatman*, 2018 WL 3861660, at *1, and
22 there are no facts alleged supporting the assertion that LexisNexis issued a credit report about
23 Cupp. Indeed, the complaint says that Cupp was denied credit in 2023, but that was because of
24 adverse reporting from *other* parties, not LexisNexis. Dkt. No. 1 ¶ 30. Allegations that those
25 other parties previously received the relevant information from LexisNexis and that LexisNexis in
26 general "regularly engage[s] in the business of assembling, evaluating, and disbursing information
27 concerning consumers for purposes of furnishing consumer reports," *id.* ¶¶ 13, 30, do not suffice
28 to plausibly show that it furnished a consumer report about Cupp to anyone.

4

## II. REMAINING CLAIMS

Cupp asserts analogous claims under the California equivalent of the FCRA, the CCRAA. The Ninth Circuit has observed that "the CCRAA 'is substantially based on the [FCRA]'" and that "'judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" *Carvalho*, 629 F.3d at 889 (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3 (2003)). Cupp concedes that "a CCRAA claim survives only to the extent that a FCRA claim survives." Dkt. No. 39 at 9. Consequently, the Court concludes that Cupp's CCRAA claim does not survive for the same reasons the complaint cannot state plausible claims under the FCRA. With respect to his state-law intentional infliction of emotional distress claim, Cupp conceded that it was preempted by the FCRA and waived any defense of the claim. Dkt. No. 39 at 9.

## CONCLUSION

The complaint is dismissed as to defendant LexisNexis with leave to amend. Cupp may file an amended complaint consistent with this order by March 21, 2025. No new parties or claims may be added without the Court's prior consent. Failure to meet the filing deadline or conform to this order will result in dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 26, 2025

JAMES DONATO
United States District Judge